# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE RUIZ,<br><br>     Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>     Defendant. | Case No. EDCV 12-0587-JEM<br><br>MEMORANDUM OPINION AND ORDER<br>AFFIRMING DECISION OF THE<br>COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On May 2, 2012, Lorraine Ruiz ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income Disability benefits. The Commissioner filed an Answer on September 4, 2012. On October 29, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 54 year old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on March 30, 2010, alleging disability beginning February 24, 2010.  (AR 12.)  Plaintiff has not engaged in substantial gainful activity since February 24, 2010, the alleged onset date.  (AR 15.)

Plaintiff's claims were denied initially on August 18, 2010, and on reconsideration on February 14, 2011.  (AR 12.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr., on October 4, 2011, in San Bernardino, California.  (AR 12.)  Claimant appeared and testified at the hearing.  (AR 12.)  Plaintiff was represented by counsel.  (AR 12.)  Medical expert ("ME") Samuel Landau and vocational expert ("VE") Troy L. Scott also appeared and testified at the hearing.  (AR 12.)

The ALJ issued an unfavorable decision on October 18, 2011.  (AR 12-22.)  The Appeals Council denied review on March 22, 2012.  (AR 5-7.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as the grounds for reversal and remand:

1.      Whether the ALJ properly considered lay testimony.

2.      Whether the ALJ properly considered Plaintiff's testimony

3.      Whether the ALJ properly considered the opinions of Dr. Ripal Panchal, D.O.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

1    reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

2    401 (internal quotation marks and citation omitted).

3        This Court must review the record as a whole and consider adverse as well as

4    supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where

5    evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

6    upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

7    "However, a reviewing court must consider the entire record as a whole and may not affirm

8    simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

9    (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

10   F.3d 625, 630 (9th Cir. 2007).

11                              **THE SEQUENTIAL EVALUATION**

12       The Social Security Act defines disability as the "inability to engage in any substantial

13   gainful activity by reason of any medically determinable physical or mental impairment which

14   can be expected to result in death or . . . can be expected to last for a continuous period of not

15   less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has

16   established a five-step sequential process to determine whether a claimant is disabled. 20

17   C.F.R. §§ 404.1520, 416.920.

18       The first step is to determine whether the claimant is presently engaging in substantial

19   gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

20   in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137,

21   140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or

22   combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not

23   significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.

24   1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an

25   impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d

26   at 746. If the impediment meets or equals one of the listed impairments, the claimant is

27   presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine

28

1   whether the impairment prevents the claimant from doing past relevant work.  Pinto v.

2   Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

3          Before making the step four determination, the ALJ first must determine the claimant's

4   residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  Residual functional capacity

5   ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment

6   "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC

7   must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R.

8   §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot

9   perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth

10  step and must determine whether the impairment prevents the claimant from performing any

11  other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The

12  claimant bears the burden of proving steps one through four, consistent with the general rule

13  that at all times the burden is on the claimant to establish his or her entitlement to benefits.

14  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden

15  shifts to the Commissioner to show that the claimant may perform other gainful activity.

16  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a

17  claimant is not disabled at step five, the Commissioner must provide evidence demonstrating

18  that other work exists in significant numbers in the national economy that the claimant can do,

19  given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the

20  Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.

21  Id.

**THE ALJ DECISION**

22

23         In this case, the ALJ determined at step one of the sequential process that Plaintiff has

24  not engaged in substantial gainful activity since February 24, 2010, the alleged onset date.  (AR

25  15.)

26         At step two, the ALJ determined that Plaintiff has the following combination of medically

27  determinable severe impairments: aneurysm with coil insertion; deep vein thrombosis, with no

28

4

significant residuals; diabetes mellitus, type two, under control; and aches and pains.  (AR 15-16.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 16.)

The ALJ then found that the Plaintiff had the RFC to perform a range of light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> . . . can lift and/or carry 20 pounds occasionally and 10 pounds frequently;
> stand and/or walk up for six hours out of an eight hour workday with normal
> breaks, standing up to 15 minutes at a time, and given sit/stand option; sit
> for six hours out of an eight hour workday, up to 30 minutes at a time;
> occasionally stoop and bend; climb stairs; and can lie down during the lunch
> break.  Claimant is precluded from climbing ladders; working at heights;
> balancing.  Claimant would miss work one to two times a month.  Claimant is
> also limited to performing routine, repetitive tasks.

(AR 16-20.)  In determining this RFC, the ALJ also made an adverse credibility determination. (AR 18.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a child care worker and a sheriff custody worker as actually and generally performed.  (AR 20.) The ALJ, however, found that considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including parking lot booth attendant and electronic worker.  (AR 21-22.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act.  (AR 22.)

## DISCUSSION

All three issues raised by Plaintiff concern the ALJ's RFC.  An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses

1   and subjective symptoms.  <u>See</u> SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's

2   RFC, an ALJ must consider all the relevant evidence in the record, including medical records,

3   lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical

4   condition.  <u>Robbins</u>, 466 F.3d at 883.

5       The ALJ decision must be affirmed.  The ALJ properly discounted the opinion of

6   Dr. Panchal, Plaintiff's treating physician, and also properly discounted both Plaintiff's

7   subjective symptom testimony and the lay witness statements of her daughter.

8       The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability

9   determination is supported by substantial evidence and free of legal error.

10  **I.     THE ALJ PROPERLY REJECTED THE OPINION OF
        DR. PANTAL, PLAINTIFF'S TREATING PHYSICIAN**

11      Plaintiff contends that the ALJ erred in rejecting the disability opinion of Dr. Pantal.  The

12  Court disagrees.

13      **A.     Relevant Federal Law**

14      In evaluating medical opinions, the case law and regulations distinguish among the

15  opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2)

16  those who examine but do not treat the claimant (examining physicians); and (3) those who

17  neither examine nor treat the claimant (non-examining, or consulting, physicians).  <u>See</u> 20

18  C.F.R. §§ 404.1527, 416.927; <u>see also</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995).  In

19  general, an ALJ must accord special weight to a treating physician's opinion because a treating

20  physician "is employed to cure and has a greater opportunity to know and observe the patient

21  as an individual."  <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If

22  a treating source's opinion on the issues of the nature and severity of a claimant's impairments

23  is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is

24  not inconsistent with other substantial evidence in the case record, the ALJ must give it

25  "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

26      Where a treating doctor's opinion is not contradicted by another doctor, it may be

27  rejected only for "clear and convincing" reasons.  <u>Lester</u>, 81 F.3d at 830.  However, if the

28

treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    Analysis**

      1.    Relevant Medical Evidence

Plaintiff suffered a small brain aneurysm in February 2010 and underwent a coil embolization.  (AR 18.)  A subsequent brain CT revealed a fairly diffuse subarachnoid hemorrhage.  (AR 18.)  Plaintiff also developed deep vein thrombosis in her left calf.  (AR 18.)  She has had a history of hypertension and diabetes mellitus.  (AR 18.)

Subsequent MRIs showed no evidence of residual aneurysm or additional hemorrhaging after the aneurysm was clipped.  (AR 18, 19.)  The hypertension is under good control by medications (AR 159), and there have been no complications from the diabetes.  (AR 156, 159.)

The ALJ assessed Plaintiff with a RFC for a limited range of light work.  (AR 16.)  Plaintiff challenges the ALJ's RFC primarily because of headaches and cognition issues that developed

1   after her aneurysm.  The ALJ's RFC attempted to accommodate these alleged symptoms by

2   limiting Plaintiff to performing routine, repetitive tasks.  (AR 16.)

3          There is considerable medical evidence supporting the ALJ's RFC assessment.  The

4   ALJ noted that on July 19, 2010, Plaintiff underwent a complete consulting examination with Dr.

5   Sandra Eriks, a Board certified internist.  (AR 18-19, 156-60.)  Dr. Eriks reported Plaintiff's

6   complaints that since the aneurysm she finds herself somewhat confused, sleepy, forgetful, and

7   more tired than usual.  (AR 156.)  Yet Dr. Eriks determined that Claimant's mental status was

8   normal, memory was intact and her neurological examination normal, and assessed Plaintiff

9   with a light RFC for three months increasing to a medium RFC thereafter.  (AR 159, 160.)

10         The ALJ's RFC also relied on the August 12, 2010, opinion of Dr. Kalmar, a State

11  agency reviewer, who observed that Dr. Eriks' notes indicate marginal effort by Plaintiff.  (AR

12  20, 162.)  He reported Plaintiff's complaint of headaches.  (AR 162.)  Dr. Kalmar concurred in

13  Dr. Eriks' RFC assessment.  (AR 162-170.)

14         The ALJ also relied on the January 31, 2011, report of Dr. Linda Smith, a consulting

15  psychiatrist.  (AR 15, 20, 372-77.)  Dr. Smith assessed no mental functional limitations and

16  opined that Plaintiff had no severe mental impairment.  (AR 15, 372-77.)  Despite Plaintiff's

17  claims of a poor memory, forgetfulness and loss of concentration, Dr. Smith did not see any

18  evidence of organicity and viewed Plaintiff's symptoms as more a matter of depression, stress

19  and anxiety, and diagnosed mood disorder.  (AR 373, 376.)  She found Claimant's thought

20  processes coherent and organized, relevant and non-delusional and had no problem at all

21  comprehending the mental status examination, as Dr. Eriks also found.  (AR 375.)  Although

22  she has a mood disorder, Dr. Smith did not believe Plaintiff was impaired in her ability to work

23  from a psychiatric standpoint.  (AR 376-77.)  She found Plaintiff had no impairments in mental

24  functioning.  (AR 377.)

25         The ALJ also cited a State agency reviewer, whose signature is illegible, who in

26  February 14, 2011, and June 14, 2011, notes and RFC evaluations ascribed a light work RFC

27  with limitations.  (AR 20, 381-92.)  Of particular significance, this physician found that the

28

1  medical evidence of record indicates that Claimant did not sustain any neuro deficit from her

2  aneurysm and her headaches were not prominent.  (AR 385.)

3        At the hearing, Dr. Landau noted Plaintiff's statement that she has difficulty with

4  cognition, but opined that none of her impairments singly or in combination met any listings and

5  ascribed a light work RFC with limitations.  (AR 19, 591-595.)

6        Thus, there was substantial evidence supporting the ALJ's RFC.  In particular, numerous

7  physicians opined that Plaintiff was able to work notwithstanding her alleged headaches and

8  cognitive difficulties.

9              2.      The ALJ Properly Rejected The Opinion Of Dr. Panchal

10       Dr. Ripal Panchal, Plaintiff's treating physician and a neurosurgeon, opined in a June 16,

11  2011, treatment note that:

12              Overall, the patient is improving, however, the patient has significant

13              difficulty with cognition as this time.  The patient has been disabled since the

14              subarachnoid hemorrhage and secondary to her stroke and vasospasms.

15              The patient has significant difficulty with cognition and headaches requiring

16              continuing treatment at this point.

17  (AR 19, 401.)  The ALJ rejected Dr. Panchal's opinion as having no probative value because it

18  contained no specific limitations and was not supported by objective medical evidence.  (AR

19  19.)

20       These are specific, legitimate reasons for rejecting Dr. Panchal' disability opinion.  An

21  ALJ may reject a treating physician's opinion if inadequately supported by clinical findings or

22  when it is not supported or contradicted by his own notes and clinical findings.  Batson v.

23  Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004) (treating physician notes did not provide

24  objective medical evidence of alleged limitations); Thomas, 278 F.3d at 957 (ALJ need not

25  accept treating physician's opinion if inadequately supported by clinical findings); Rollins v.

26  Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (treating physician opinion may be discounted if

27  treatment notes fail to present the sort of description and recommendations one would expect

28  to accompany of total disability); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)

1  (adjudicator properly rejected treating physician opinion based on failure to specify functional

2  limitations).

3       Here, Dr. Panchal specified no functional limitations, referenced no mental status

4  examinations, and his treatment note is not supported by objective medical evidence, clinical

5  findings or diagnostic results, and is inconsistent with his own treatment notes.  On April 21,

6  2011, there is a treatment note from Dr. Panchal stating that "the patient is doing well" and "she

7  reports her headaches are controlled with tramadol which is working for her at this time."  (AR

8  412.)  Dr. Panchal does not allege disability and states, "At this time, the patient is doing well.

9  The patient has some difficulty with cognition at this time."  (AR 412.)  This is a much more

10  moderate assessment of Claimant's headaches and cognition difficulties than presented in

11  Dr. Panchal's June 16, 2011, treatment note, with no explanation or clinical or diagnostic

12  support for the change in severity of assessment.  There is no indication of any change in

13  medication or treatment or administration of any mental status examination.  Dr. Panchal's June

14  16, 2011, treatment note also conflicts with the February 14, 2011, assessment of the State

15  agency reviewer who noted that headaches are not prominent.  (AR 385.)

16       Plaintiff criticizes the ALJ's rejection of Dr. Panchal's opinion, asserting that the ALJ

17  essentially rejected Dr. Panchal's opinion because it addresses the ultimate issue of disability

18  which is reserved to the Commissioner.  Plaintiff's argument lacks merit.  The ALJ merely

19  stated that Dr. Panchal's opinion on disability is not entitled to controlling weight on an issue

20  reserved to the Commissioner.  As Plaintiff correctly notes and this Court itself has found, an

21  opinion on disability should not be ignored, even if not controlling.  Graham v. Astrue, 2:12-CV-

22  00425-JEM (C.D. Cal. Aug. 21, 2012).  The ALJ, however, did not ignore Dr. Panchal's opinion

23  but rejected it for specific, legitimate reasons.

24       Plaintiff obviously disputes the ALJ's rejection of Dr. Panchal's opinion, but it is the ALJ

25  who is responsible for resolving conflicts and ambiguities in the medical evidence.  Andrews, 53

26  F.3d at 1039.  Where the ALJ's interpretation of the evidence is reasonable and supported by

27  substantial evidence as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

28

The ALJ rejected Dr. Panchal's opinion for specific, legitimate reasons supported by substantial evidence.

**II.     THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY AS TO HER SUBJECTIVE SYMPTOMS**

Plaintiff contends that the ALJ improperly discounted her credibility.  The Court disagrees.

**A.     Relevant Federal Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v. Chater, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

The Claimant testified at the hearing she could stand for only 10 to 15 minutes before she had to sit and could walk only half a block.  (AR 17.)  Sitting hurts her back.  (AR 17.)  Claimant's Adult Function Report alleged she could walk but 100 feet and has trouble paying attention.  (AR 17.)  Plaintiff alleged she had trouble staying on task and with her memory.  (AR

17.)  She also stated that she gets bad headaches in a May 31, 2010, Adult Function Report (AR 88), which was before Dr. Panchal's April 21, 2011, note indicating the headaches were controlled with Tramadol.  (AR 412.)  She sometimes lies down when she gets headaches.  (AR 597.)

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause "some" of her alleged symptoms.  (AR 18.)  The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not credible to the extent inconsistent with the ALJ's RFC.  (AR 18.)  Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

First, the ALJ found that Plaintiff's alleged disabling symptoms were inconsistent with the objective medical evidence.  (AR 17.)  An ALJ may consider a lack of objective medical evidence, so long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959.  No doctor's opinion or medical evidence supported Claimant's claim about sitting, standing or walking limitations beyond those assessed in the ALJ's RFC, which Plaintiff does not challenge here.  As to headaches, memory and concentration, the Court already has addressed the lack of objective medical evidence of headaches and cognitive difficulties sufficient to support limitations beyond those assessed, i.e., the ALJ's limitation to routine, repetitive tasks.  The ALJ, moreover, found that the treatment records establish that Claimant received conservative and non-emergency treatment since the onset date.  (AR 18.)  An ALJ may discount a claimant's credibility where conservative treatment indicates that Plaintiff is not as disabled as alleged.  Parra, 481 F.3d at 750-51.

Second, the ALJ found that Plaintiff's daily activities were inconsistent with her claims of disability, which is a valid basis for discounting credibility.  Burch, 400 F.3d at 681.  The ALJ found that Claimant admitted to "a rather normal level of everyday activities despite her alleged limitations."  (AR 17.)  She performs self-care, shops, cooks meals, cleans, and attends church.

(AR 17.)  The ALJ viewed these activities as evidence that Plaintiff was exaggerating the severity of her symptoms.  (AR. 17.)

Plaintiff disputes the ALJ's credibility finding, but again the ALJ is responsible for determining credibility and resolving ambiguities in the evidence.  Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the evidence is reasonable as is true here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's credibility as to her subjective symptoms for clear and convincing reasons supported by substantial evidence.  There was no error.

## III.   THE ALJ PROPERLY DISCOUNTED THE LAY WITNESS TESTIMONY OF PLAINTIFF'S DAUGHTER

Plaintiff contends that the ALJ erred in discounting the lay witness testimony of Angela Ruiz, Plaintiff's daughter.  The Court disagrees.

### A.      Relevant Federal Law

Lay witness testimony regarding a claimant's symptoms is "competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ must make findings "germane to each witness, and supported by substantial evidence").  The reasons germane to each witness must be specific.  Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009).  Lay witness testimony cannot be disregarded without comment.  Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006).  In rejecting lay witness testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does not "clearly link his determination to those reasons" and substantial evidence supports the ALJ's decision.  Lewis, 236 F.3d at 512.  The ALJ also may "draw inferences logically flowing from the evidence."  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

**B.    Analysis**

Claimant's daughter Angela Ruiz submitted a Third Party Adult Function Report dated November 25, 2010.  (AR 122-29.)  Ms. Ruiz stated that Claimant could do her personal care, could clean and perform chores, but must stop and rest constantly, and could drive.  (AR 17, 123-24.)  She has trouble lifting, squatting, bending, standing, reaching, walking, kneeling, and sitting.  (AR 127.)  She says Claimant needs constant reminders and can't concentrate or focus.  (AR 124, 126.)  These are the same limitations alleged by Plaintiff herself, except Ms. Ruiz said nothing of Claimant's headaches.  (AR 130-137.)

Preliminarily, the ALJ incorporated into his RFC many of the limitations reported by Ms. Ruiz, particularly the physical limitations and inability to concentrate.  Plaintiff does not explain or even address why the ALJ's RFC does not adequately accommodate Plaintiff's limitations stated by Ms. Ruiz.

The ALJ found that Claimant's daughter's allegations concerning the intensity, persistence and limiting effects of the Claimant's symptoms less than fully credible to the extent inconsistent with the RFC, primarily because Ms. Ruiz' statements are not supported by the objective clinical and diagnostic medical evidence, which the ALJ discussed at length elsewhere in the decision.  (AR 17-18.)  One reason an ALJ may discount lay testimony is that it conflicts with medical evidence, as is the case here.  Lewis, 236 F.3d at 511.  Plaintiff's reliance on Smolen, 80 F.3d at 1288-89, to suggest otherwise is misplaced.  In Smolen, the ALJ rejected lay witness testimony in favor of medical records that were sparse and did not provide adequate documentation of Plaintiff's alleged pain and fatigue symptoms.  Smolen held that the ALJ violated SSR 88-13 which directs the ALJ to consider lay witness testimony where the claimant's symptoms are "unsupported" by the medical records.  Id. at 1289.  Here, however, numerous physicians specifically addressed Claimant's symptoms described by Ms. Ruiz, crediting them in their RFC assessments where appropriate and rejecting them where appropriate.  The medical evidence was not sparse or inadequate, but amply addressed Plaintiff's functional limitations and alleged subjective symptoms.  Jimerson v. Apfel, 2001 WL 1042129, at *6 (N.D. Cal. Aug. 21, 2001) (distinguishing Smolen because medical records not

1   sparse or inadequate and there was ample medical evidence regarding the claimant's

2   functional limitations); Mercer v. Astrue, 2010 WL 4511132, at *3 (W.D. Wash. Sep. 24, 2010)

3   (distinguishing Smolen because lay witness symptoms contradicted by the medical evidence).

4           Additionally, the ALJ does not even need to offer reasons for rejecting third party

5   statements if similar to a claimant's subjective symptom testimony and the ALJ properly rejects

6   that testimony, as happened here.  Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

7   Similarly, an ALJ's failure to comment on lay witness testimony is harmless where the same

8   evidence that the ALJ cited in discrediting the Claimant's testimony also discredits the lay

9   witness' claims.  Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012).  Here, Angela Ruiz

10  essentially repeated the same limitation testimony as her mother, and the ALJ cited the same

11  objective medical evidence used to discredit the Claimant's limitations beyond the ALJ's RFC

12  for purposes of rejecting Ms. Ruiz statement to that same extent.

13          Plaintiff complains, not without some justification, that the ALJ improperly discounted Ms.

14  Ruiz' statements because of bias and financial interest (AR 18), but any error was harmless

15  because the outcome would be the same anyway.  Smolen, 80 F.3d at 1289; Stout v. Comm'r,

16  Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006).

17          The ALJ properly discounted the lay witness statements of Angela Ruiz for germane

18  reasons supported by substantial evidence.

19                                          * * *

20          The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability

21  determination is supported by substantial evidence and free of legal error.

22                                      **ORDER**

23          IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

24  AFFIRMED and this case dismissed with prejudice.

25          **LET JUDGMENT BE ENTERED ACCORDINGLY.**

26  DATED: November 30, 2012                        /s/ John E. McDermott
27                                          JOHN E. MCDERMOTT
                                            UNITED STATES MAGISTRATE JUDGE
28

                                            15